**SCHADT, etc., Plaintiff-Appellee, v. RANCKEN, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22745. Decided May 11, 1953.

Oliver A. Thompson, Cleveland, for plaintiff-appellee.
B. Bill Murad, Cleveland, for defendant-appellant.

**OPINION**

Per CURIAM:

This appeal comes to this Court on questions of law from a judgment of the Municipal Court of Cleveland overruling a motion to vacate a default judgment entered during term.

The record before this Court indicates that the appellant filed a motion seeking a vacation of a default judgment for the reason that he had not been notified of the time of trial upon the merits. The action being a second class case, no pleadings are required as provided by the rules of the Municipal Court.

The record discloses that there was no hearing on the motion to vacate and that the sole evidence before the court was the affidavit of the defendant stating that "he was never apprised of the time and place of the trial in this cause" and "that if the court so decides, I will confess judgment for the costs incurred to date in this cause * * *."

Sec. 10377 GC in pertinent parts reads as follows:

"Sec. 10377 GC. Setting aside judgment: When judgment has been rendered against a defendant in his absence, it may be set aside by the justice upon the following conditions:

"1. That within ten days after judgment was entered, his motion in writing, sworn to by the defendant, his agent, or attorney, be filed, setting forth a sufficient reason for the absence of the defendant;

"2. That he pay or confess judgment for the costs awarded against him; * * *."

We hold that it constituted an abuse of discretion on the part of the trial court not to vacate a default judgment rendered against this defendant in his absence, in the face of an affidavit sworn to by him setting forth good and sufficient reasons for such absence. Pope v. Pollock, 1 O. C. C. Rep. 347.

The judgment of the Municipal Court therefore is reversed and the cause is remanded for further proceedings according to law. Exceptions allowed. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.